46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEPPERMILL OF NEVADA, a California corporation; Peppermill,
Inc., a Nevada corp.; CPK Enterprises, a Nevada
general partnership; William Paganetti;
Natale A. Carasali,
Plaintiffs-Appellants,
v.
INDUSTRIAL INDEMNITY COMPANY, a California corporation; Does
1-50, Defendants-Appellees.
 No. 93-15793.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 13, 1994.
Decided: Jan. 6, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We have carefully reviewed the record and the district court's decision and heard oral argument from the parties. We affirm for the reasons fully explicated in the district court's well reasoned order. We hold that under the unambiguous terms of the policy, Industrial Indemnity has no duty to defend or indemnify the Peppermill party plaintiffs.
 
 
 3
 The Peppermill parties raise one issue which was not addressed by the district court's order. This issue concerns whether two Nevada statutes apply to Industrial and preclude it from asserting its policy defenses. The first statute prohibits unfair trade practices by insurers and the second specifies the time period during which an insurer may accept or reject a claim submitted to it. Relying on these statutes, the Peppermill parties contend that by delaying ten months in issuing a coverage opinion, Industrial waived its right to contest its defense and indemnity obligations under the policy.
 
 
 4
 These statutes do not provide the remedy the Peppermill parties are seeking. The first statute provides a money damages remedy only and the second provides no remedy at all. Neither statute allows for a remedy of waiver or estoppel. See Markoff v. New York Life Ins. Co., 369 F. Supp. 308, 314 (D. Nev. 1973) (no indication of a remedy under a substantially similar statute and, therefore, no waiver or estoppel). These statutes do not preclude Industrial from asserting its policy defenses. Further, as fully discussed in the district court's order, the common law doctrines of waiver and estoppel likewise raise no such bar. Industrial did not waive its right to contest its defense and indemnity obligations.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3